Mr. Justice Noll
delivered the opinion of the court:
The ease made in the court below, presented only a simple question of fact for the consideration of - the jury, and .the evidence was of that equivocal character as to furnish no ground for the interposition of this court. The ¿■then question is important, as it regards the future practice of the court. The vendue act subjects persons who •«re sued in that character fox' money, arising from goods *327 •sold at auction to two disabilities — 1st. They are not entitled to the imparlance which is allowed in other cases.— And 2dly. They are denied the benefit of the insolvent debtor’s act. In the case of Misroon vs. Freen, (1 McCord’s Reports, 38,) it was decú’ed, that where a person who is sued as vendue master, would entitle kim.s.eijf to an imparlance, he must make it a preliminary question, by' denying the allegation that he had sold the goods in that character. And in the case of Rocheblanche vs. Cleary and Gieu, it was held, that the defendants had lost the benefit of that plea by pleading to the merits of the action. It was said however in that case, that it would be time, enough to decide the question, whether the party was entitled to the benefit of the act whenever it should arise t thereby intimating that the party had not lost the opportunity of trying the question by not pleading io the o.iginal action, if at any further period it should become necessary. And although it has befen urged that a defendant, by making default, admits every material allegation contained in the declaration, yet the act authorizes the court to regulate the practice in this description of cases in suck a manner as shall be best calculated to carry its provisions into execution. A person, although sued as vendue master, may not necessarily want the benefit of the insolvent debtor’s act, The allegation therefore may be perfectly immaterial at the time. It may become important by subsequent events, whenever the defendant thinks proper to make the question in. the first instance. ■ I think the decision ought to be conclusive, both for and against him, if he should ever after apply for the benefit of the act; but if he is willing to waive it, I can see no reason why he should not be permitted to make it whenever it becomes important to him. It appears to me to be a convenient practice. It is calculated to do justice to both the parties, and to avoid unnecessary litigation. I am of opinion therefore that the petitioner was entitled to be heard. *328 anc having obtained the verdict of a jury in his behalf, he was entitled to his discharge.
Gadsden, for the motion.-
JDun/ein, contra.
The motion therefore is i jfnsecl.
Justices Colcock, Johnson and Huger, concurred.